No. 2557.—E. ROCHEREAU & CO., (WILLIAM BROOKS, subrogated,) v. M. S. BRINGIER.

The husband and wife were garnisheed under a writ of *fieri facias*. The defendant and judgment debtor intervened and contested the correctness of their answers to interrogatories. After the intervention was filed, the wife was allowed to amend and correct her answers so as to make them conform to the allegations of the defendant in his petition of intervention. The husband stood on his original answers, which, in substance, denied any indebtedness to the defendant. Held—That the wife, by amending and correcting her answers to the interrogatories, so as to make them conform to the allegations in the petition of intervention, she thereby rendered herself liable to the seizing creditor for the amount alleged to be due the defendant in his petition of intervention, and that judgment was properly rendered against her as garnishee; but, as the husband stood on his original answers, no judgment could be rendered against him as garnishee.

APPEAL from District Court, Parish of Ascension. *Beauvais*, J. *Clark, Bayne & Renshaw*, for plaintiffs and appellees. *Burthe & Trudeau*, for defendants and appellants.

HOWELL, J. Under a *fieri facias* issued on the judgment against the defendant, interrogatories were propounded to Benjamin Tureaud and his wife, who answered that, without their knowledge, judgment was obtained in the name of said Mrs. Tureaud against Mrs. A. Bringier, on five notes that were given by the latter to the defendant, M. S. Bringier, in payment of property purchased by her in the succession of her deceased husband, in 1858; that in the suit of D. & N. P. Trist et al. *v.* Mrs. A. Bringier, certain property was sold, and purchased by the plaintiffs in said suit (including Mrs. Tureaud), by which purchase the defendant became owner to the extent of his interest and by his consent, the title, however, being in the name of Mrs. Tureaud, and that the said interest or share of said defendant in said property is in the control of the garnishees, and is sufficient to pay the judgment in this suit.

The defendant, Bringier, intervened in the garnishment proceedings, traversed the answers of said garnishees, denied any ownership of said property, but averred that the garnishees are indebted to him for the amount of the notes on which judgment had been obtained in the name of Mrs. Tureaud; that the said judgment is not the property of

the party pretending to be the subrogated owner thereof, but really belongs to said garnishees, and is extinguished by confusion, and he prays that it be so declared that their indebtedness to him, by reason of the judgment on his notes, be credited by the amount paid by them for the judgment herein against him, and he propounded interrogatories on facts and articles to the alleged subrogee.

Subsequently, Mrs. Tureaud was permitted to amend her answers, and to state that the instructions of defendant, M. S. Bringier, to make the said purchase for him were verbal, and that, as he repudiates the same, she is willing to accept his statement; and if the property belongs to her, then she will owe him more than enough to pay the judgment herein. Upon the trial, judgment was given against the garnishees, ' Mr. and Mrs. Tureaud, in solido, for the amount of the judgment, interest and costs, against M. S. Bringier, and also in favor of the plaintiff and the garnishees, dismissing the intervention of the defendant, who appealed. Benjamin Tureaud, in his answer, asks that the judgment as against him be reversed, as he expressly denied being indebted to the defendant.

We can discover no error in the judgment to the prejudice of the defendant, Bringier. He complains that an application for a continuance was not granted him. There is nothing in the record, except what is contained in his motion for a new trial, to show that such an application was made, and there is no evidence in support of the allegations of the petition of intervention. His allegations as to the indebtedness of the garnishees were accepted by Mrs. Tureaud, and her answers were corrected to accord therewith. This justified the judgment against her, but not against her husband. No objection was made to her right to amend and change her answers.

It is therefore ordered that the judgment appealed from be reversed as to Benjamin Tureaud, with his costs in both courts, and in all other respects affirmed; costs of appeal to be paid by the appellant.